EASTERN DIST.
*June*, 1835.

SCHNELLER, CU-
RATOR, &C.
*vs.*
VANCE.

## SCHNELLER, CURATOR, &C., *vs.* VANCE.

APPEAL FROM THE PARISH COURT, FOR THE PARISH AND CITY OF NEW-ORLEANS.

A curator appointed by the Court of Probates in this state, to administer a succession opened here, is without authority to administer property or collect debts of the succession in another state.

Citizens of this state who are creditors of a succession opened and administered here, have the moral and legal right to pursue property of the deceased situated in another state, and exercise their rights and claims to it, according to the laws of that state, without being answerable to the curator or administrator here.

So, a creditor of an insolvent succession opened and administered here, who collects his debt out of the property of the deceased debtor situated in another state, is not required by law to refund to the curator here, for an equal distribution among all the creditors.

The plaintiff, curator of the insolvent estate of the late John Finnerty of New-Orleans, alleges that the deceased left property and money in the hands of his agent in Port Gibson, (Mississippi) besides that administered here, and that Gilbert Vance one of the creditors of said estate residing in this city, being aware of the insolvency of the estate, sent to the agent at Port Gibson and presented two promissory notes of the deceased, amounting to one thousand and eighty-eight dollars, and by threats of suit obtained payment thereof. He alleges this money belongs to the succession which he administers as an insolvent one; that the payment to Vance was null, being unauthorised, and that the money should be paid over to him, to be equally distributed among the creditors.

The defendant pleaded a general denial.

The agent at Port Gibson testified, that he was about starting for New-Orleans to settle with the curator of Finnerty's estate for some goods and money of the deceased in his hands, when an attorney presented him with the two

notes of Vance and a letter from the latter, demanding payment of the notes, and in case of refusal to detain said agent by a suit. He paid the money and took a receipt expressing certain conditions, and came to the city and made a settlement with the curator. On his return to Mississippi he returned the first receipt and took another one from the attorney of Vance, for the absolute payment of the two notes mentioned.

EASTERN DIST.
June, 1835.

SCHNELLER, CU-
RATOR, &C.
vs.
VANCE.

The parish judge was of opinion that the succession represented the deceased, and inasmuch as both he and the defendant resided in New-Orleans, the latter could not have sued the former in Mississippi; he had no right to sue his succession there for the purpose of obtaining a preference over other creditors which was forbidden by the laws of Louisiana; that by receiving the money the defendant came under a *quasi* contract with the plaintiff as administrator, by which he was bound to refund to the estate of the deceased debtor.

Judgment was rendered against the defendant accordingly. He appealed.

*Morphy*, for the plaintiff.

1. The property of a debtor is the common pledge of all his creditors, and the proceeds must be divided among them rateably, unless there exist some lawful causes of preference. *Louisiana Code*, 3150.

2. The rights of all creditors of an insolvent estate residing in Louisiana, must be settled according to the laws of this state, and they cannot obtain an undue and illegal preference by sending their claims in another state, where the deceased may happen to have assets. *Louisiana Code*, article 1168 to 1176. *Story's Conflict of Laws*, page 342, et seq. *Note to page* 423 up to 438.

3. An attachment cannot be laid on property belonging to an estate; letters of administration must be taken out according to the laws of the country where the property is situated. *1 Martin, N. S.*, 380. 2 *Dallas*, 73 *and* 93.

EASTERN DIST.
June, 1835.

SCHNELLER, CU-
RATOR, &c.
vs.
VANCE.

4. He who receives what is not due to him or more than is due to him, is obliged to restore what he has thus received to the rightful owner. *Louisiana Code, article 2273 and 2279.*

5. The moneys improperly paid to Vance in the state of Mississippi, have never ceased to be the property of the estate of Finnerty, and must be divided among all the creditors.

*Peirce,* for the defendant, contended that the latter having collected his debt and obtained the money from his debtor, according to the laws of the state where the assets were situated, could not be molested in his right to enjoy it here.

*Martin, J.,* delivered the opinion of the court.

This is an action, against a creditor of the estate which the plaintiff administers, as curator, to compel him to refund certain moneys of said estate, which he had received, knowing it, was insolvent, that the money thus received may be distributed among all the creditors, according to law. The defendant is appellant from a judgment rendered against him for the money which he had obtained. It appears he had secured the payment of his claim, as a creditor of the estate of the late John Finnerty which the plaintiff represents, in the state of Mississippi, from a person, who, according to the laws of that state, had by an illegal interference with the property of the estate, made himself liable to the action of the creditors.

We are of opinion the Court of Probates erred in the judgment which it rendered in this case. The authority of this court in regard to the administration of the estates of deceased persons, extends merely to such parts or portions of them as are within the limits of this state. Any curator appointed by that court, is without authority to collect debts, or act on property of the deceased within the limits of any other state of the Union, or in any foreign country.

Inhabitants of this state who are creditors of a deceased person, who died in this state, but left property in another state or foreign country, have a moral and legal right to go

A curator appointed by the Court of Probates, in this state, to administer a succession opened here, is without authority to administer property or collect debts of the succession in another state.

Citizens of this state, who are creditors of a succession opened and administered here, have the moral and legal right to pursue property of the deceased, situated in another state, and exercise their rights and claims to it, according to the laws of

there and exercise their rights as creditors, for the security and payment of their claims, and their enforcement by law, according to the rules of proceeding which are authorised by the laws of the place where the claim or property is situated.

The defendant in this case, exercised a legitimate right when he proceeded to the state of ·Mississippi, and there ·collected his debt, by compelling the person who, by the laws of that state, had become liable to the actions of the creditors of the estate in which he intermeddled, and for the payment of their debts due by it. In doing so, he interfered with none of the effects or funds subject to the legitimate action of the plaintiff, as curator of the estate of the deceased. ·· He rather promoted than injured the interests of the other creditors, since it removed a competitor.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Probate Court. be annulled, avoided and reversed, and that there be judgment entered for the defendant, with costs in both courts.

EASTERN DIST.
June, 1835.

that state, without being answerable to the curator or administrator here. So, a creditor of an insolvent succession, opened and administered here, who collects his debt out of the property of the deceased debtor situated in another state, is not required by law to refund to the curator here, for an equal distribution among all the creditors.